**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CRIMINAL CASE NO. 5:10-73-KSF**
**CIVIL CASE NO. 5:12-7253-KSF**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **REPORT AND RECOMMENDATION**

**ANTWAN LAMONT BRYANT** **DEFENDANT**

* * * * * * * * * *

This matter is before the Court on Defendant Antwan Lamont Bryant's construed Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] (R. 114). Pursuant to local practice, this matter has been referred to the undersigned for preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and for preparation of a report and recommendation. *See* 28 U.S.C. § 636(b).

Upon review of the record, the undersigned concludes that a response to the construed § 2255 Motion is not necessary based upon the Government's arguments in its Motion to Remand filed in Bryant's appeal of this matter to the Sixth Circuit. Specifically, the Government agreed that in light of *Dorsey v. United States*, __ U.S. __, 132 S. Ct. 2321, 2329 (2012), Defendant is entitled to be resentenced under the Fair Sentencing Act of 2010 ("FSA"). *See* Motion of United States to Remand Case, *United States v. Bryant*, No. 12-5217 (6th Cir.).

---

[1]In its Order of Remand, the Court of Appeals for the Sixth Circuit specifically instructed that this Court was to construe Bryant's § 3582(c)(2) Motion (originally filed at R. 98) as a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (R. 110).

For the reasons set forth below, it will be **recommended** that the District Court **grant** Defendant's construed § 2255 Motion and that the matter be set for resentencing before the presiding District Judge.

## I. BACKGROUND

On June 15, 2010, Bryant and two co-defendants were indicted by a federal grand jury sitting in the Eastern District of Kentucky, charging them with conspiracy to distribute 50 grams or more of crack cocaine and charging Bryant with three additional counts of knowingly and intentionally distributing crack cocaine. (R. 1). As alleged in the Indictment, the conduct to which Bryant pled guilty occurred between on or about January 1, 2009, and continued through on or about June 1, 2010. (*Id.*).

On August 30, 2010, Bryant appeared for rearraignment, at which time he formally entered a plea of guilty to Counts One and Six, pursuant to a Plea Agreement with the United States. (R. 45). Based upon his prior convictions, Bryant was subject to a pre-FSA mandatory minimum sentence of life imprisonment. (R. 12). However, upon motion of the Government, the Court on January 14, 2011, sentenced Bryant to 120 months of imprisonment on both Count One and Six to run concurrently; Counts Two and Four were dismissed on the motion of the United States. (R. 76). On April 14, 2011, the Court entered an Amended Judgment for reasons unrelated to the instant matter. Bryant did not file a direct appeal.

On May 25, 2011, Bryant filed a Motion for Correction of An Improperly Calculated Guidelines Range (R. 90), which the District Judge denied on November 2, 2011. On November 7, 2011, Bryant filed a second motion under 18 U.S.C. § 3582(c)(2). On February 9, 2012, the District Judge denied the motion explaining that the Amendments to the Guidelines Manual did not affect

his sentence since he was subject to a statutory mandatory minimum. (R. 101). Bryant timely appealed that ruling. (R. 102).

On appeal, the Sixth Circuit recognized that it is not clear whether § 3582(c)(2) authorizes remand, as it authorizes a sentence reduction only where a defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. (R. 110). Here, however, Bryant's sentence was not based on a sentencing range that the Sentencing Commission subsequently lowered. Thus, the Sixth Circuit found Bryant may not be eligible for a reduction in his sentence under § 3583(c)(2).

Nevertheless, the Sixth Circuit found remand appropriate in this case because the Supreme Court recently held that "the FSA's 'more lenient penalties' - i.e., its provisions that raise the drug quantities required to trigger the § 841(b)(1) mandatory minimums - 'apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" (R. 110) (quoting *Dorsey*, 132 S. Ct. at 2331). Thus, the Sixth Circuit held Bryant should have the benefit of the FSA's changes to § 841(b)(1), and remanded this case with specific instructions to construe Bryant § 3582(c)(2) motion as § 2255 Motion. Thus, pending before this Court is Bryant's construed § 2255 Motion.

## II. ANALYSIS

Bryant's construed § 2255 Motion alleges in substance that his sentence is unconstitutional under the FSA. On August 3, 2010, Congress passed the FSA that, *inter alia*, reduced the statutory penalties for crack cocaine offenses and the disparity in federal criminal penalties between powder and crack cocaine offenses. Specifically, the FSA amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of cocaine base necessary to trigger

the mandatory minimum sentence on Count One of ten years imprisonment or, in Bryant's case, life imprisonment because of his prior convictions; and raising from 5 grams to 28 grams the amount of cocaine base necessary to trigger the five-year mandatory minimum sentence on Count Six, or in Bryant's case the ten-year minimum sentence. 21 U.S.C. §§ 841(b)(1)(A)(iii) and (b)(1)(B)(iii).

As noted by the Sixth Circuit, on June 12, 2012, the United States Supreme Court held that the FSA's mandatory minimum sentencing provisions apply to those who committed crimes prior to the passage of the Act, but were sentenced after the August 3, 2010, effective date. *Dorsey*, 132 S. Ct. at 2335. The FSA, therefore, applies to Bryant, who committed his offenses between on or about January 1, 2009, and continued through on or about June 1, 2010, and was sentenced on January 14, 2011. Therefore, Bryant is entitled to resentencing under the FSA.

## III. CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's construed Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (R. 114) be **GRANTED,** and that this matter be set for resentencing in accordance with the Fair Sentencing Act.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to


another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 25th day of March, 2013.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
Signed By:
Candace J. Smith
United States Magistrate Judge

G:\DATA\habeas petitions\2255 R&R general\10-73 Bryant construed 2255.wpd

5